## MATHIS v. GUARANTY NAT. BANK OF PORUM.

No. 14895—Opinion Filed Dec. 9, 1924.

1. **Chattel Mortgages—Second Mortgage as Cancellation of First—Failure of Evidence.**

An instruction to the jury that the giving of a second mortgage to secure balance due on note secured by mortgage did not cancel the first mortgage is not reversible error, when there is no proof offered tending to show that it was the intention of the parties to cancel the first mortgage.

**2. Appeal and Error—Questions of Fact—Description in Mortgage.**

The sufficiency of the description of property in a mortgage is a question of fact, and when submitted to the jury under proper instructions and there is evidence reasonably tending to support the verdict, the same will not be disturbed on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Guaranty National Bank of Porum against J. A. Mathis. Judgment for plaintiff, and defendant appeals. Affirmed.

Turner, Turner, Harley & Parris, for plaintiff in error.

Charles R. Freeman, for defendant in error.

Opinion by JONES, C. This is an appeal from the district court of McIntosh county, wherein judgment was rendered for the plaintiff for two mules, or the value thereof, in a replevin action.

The defendant prosecutes this appeal, and sets forth various assignments of error, but in his brief bases his right to a reversal of this case: First, on the insufficiency of the evidence to sustain the judgment; second, on objections to the introduction of testimony for the reason the bill of particulars and replevin affidavit were insufficient to constitute a cause of action; and, third, error of the court in giving certain instructions. The record discloses that the Guaranty National Bank of Porum, Okla.; defendant in error, and plaintiff in the trial court, took a mortgage in February, 1921, from one Choate, in which was included two mules, and in January, 1922, said bank took a second mortgage from said Choate to secure a balance due, in which was also included two mules. In the first mortgage given the mules were described as black mare mules, about four years old, 15½ hands high, weighing 1,000 pounds, branded J. L. on left shoulder, and in the second mortgage given the two mules mortgaged were described as brown mare mules, one five and one six years old, weight 1,050 pounds each, and branded J. C. on left shoulder.

The mortgage sought to be foreclosed in connection with the replevin action was the second mortgage, and the mules having been sold by the mortgagor to one McKee, and sold by McKee to the plaintiff in error, Mathis, subsequent to the execution of the first mortgage, and prior to the execution of the second mortgage, the appellant therefore makes the contention that the execution of the second mortgage released the first, and for that reason the plaintiff in the trial court was not entitled to judgment for the possession of the mules or the value thereof, and makes the further contention that the description of the mules in the first mortgage does not describe the mules in controversy, and in fact that said mules were not included in said mortgage, and complains of the fact that the court refused to instruct the jury, or submit to the jury, the question of whether or not the mules in controversy were the same mules which were included or covered in both mortgages, but as we view the record the only evidence offered tends to establish the fact that the mortgagor, Choate, owned no other mules except the two in controversy, and there being no evidence contradicting this fact, we take it that it was not reversible error for the court to refuse to submit that issue to the jury, there being no conflict in the evidence on this point, and while the evidence is not of the most satisfactory nature, and the two different descriptions given in the mortgages tend to confuse the issue, there was sufficient evidence to sustain the verdict of the jury.

We find no merit in the second contention, which seeks to attack the form of the bill of particulars and the affidavit made in replevin. The affidavit is in statutory form, and under our procedure no particular form is required in so far as bills of particulars are concerned in justice court, and as to the third proposition, we find from an examination of the instruction, that taken as a whole, they fairly submit the law of the case to the jury. The instructions complained of, wherein the court instructed the jury that the first mortgage was not canceled by reason of the giving of the second mortgage, and was in full force and effect, we do not think constitutes reversible error in view of the state of the evidence offered; the only evidence offered tends to show that there was no intention to cancel the first mortgage and in fact it was not canceled of record. The only serious question involved in this case is whether or not the description of the two mules in the first mortgage was sufficient to give notice, or to put a reasonably prudent person on inquiry for the purpose of determining the real facts, and while the instruction given on this point is not as specific as it might be, it directed the jury to take into consideration all the facts and circumstances sur-

rounding the case, and we think is more favorable to the appellant than he was entitled to. Other matters are complained of by appellant, but we feel that the propositions discussed are decisive of the rights of the parties in this controversy, and we find no error that would justify a reversal of this case, and we therefore recommend that the same be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. § 325; (2) 11 C. J. § 103; 4 C. J. § 2834.